UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-21159-CIV-SCOLA
MAGISTRATE JUDGE P. A. WHITE

RASHADA HURLEY,

    Petitioner,

v.                                    REPORT OF
                                   MAGISTRATE JUDGE
STATE OF FLORIDA,

    Respondent.

_____/


## I.  Introduction

Rashada Hurley, Petitioner, is detained at Metro West
Detention Center. She filed a *pro se* Petition for Writ of Habeas
Corpus pursuant to 28 U.S.C. § 2254, challenging the
constitutionality of her arrest, the terms of her pretrial
detention, and expressing a general fear of her public defender
for telling her to remain quiet and "tell[ing her] what to do. The
relevant case number arises out of the Eleventh Judicial Circuit in
and for Miami-Dade County under case no **17-cf-015849**. The state
court docket reveals she is currently at the pre-trial stage.

This Cause has been referred to the undersigned for
consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and
Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the
United States District Courts. For its consideration of this
Petition, this Court reviewed the petition (DE#1) and the state
court docket arising out of the Eleventh Judicial Circuit Court in
and for Miami-Dade County under case no. **17-cf-015849.**

## II.  <u>Claim</u>

Petitioner raises the following grounds for relief:

1. She was arrested without a warrant.

2. She was not given a pretrial conference.

3. She was denied her rights under Fla. R. Crim. P. 3.121 and 3.133.

4. She has been in pretrial detainment without bond for eight months without an indictment.

5. Her trial counsel reset the court date.

(DE#1 at 1).

## III. <u>Subject Matter Jurisdiction—Petitioner is not "In Custody"</u>

It is axiomatic that a district court may entertain a habeas corpus petition only if a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). Thus, federal courts lack subject matter jurisdiction whenever the "in custody" requirement is not established. Llovera-Linares v. Florida, 559 Fed. App'x 949, 951 (11th Cir. 2014). In order to be "in custody" under § 2254, petitioners must be "in custody" under the conviction or sentence under attack at the time his or her petition is filed. <u>See, e.g.,</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989).

Petitioner filed the instant petition for habeas relief pursuant to § 2254. But she is a pretrial detainee at Metro West Detention Center. Therefore, she is not in custody pursuant to a state court judgement, meaning § 2254 does not apply to her. Accordingly, this Court lacks jurisdiction because Petitioner is not "in custody" as understood by § 2254. <u>See</u> Llovera-Linares, 559 Fed. App'x at 952 (upholding dismissal for not satisfying "in custody" requirement in a removal context).

To the extent this Court is capable of liberally construing Petitioner's § 2254 as a § 2241 pursuant to <u>Medberry v. Crosby</u>, 351 F. 3d 1049, 1060 (11th Cir. 2003),[1] a limited review of the state court docket shows no indication that Petitioner exhausted her state remedies before filing in this Court. Under <u>Younger v. Harris</u>, 401 U.S. 37 (1971), federal courts must abstain from adjudicating claims that would interfere with a state's pending criminal prosecution so long as the party has an adequate remedy at law and will not suffer irreparable injury. The irreparable injury envisioned is more than the "cost, anxiety[,] and inconvenience" of defending against a criminal prosecution. <u>Id.</u> at 46. The <u>Younger</u> abstention doctrine is based in part on "the notion of 'comity,' that is, a proper respect for state functions... and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." <u>Id.</u> at 44. Under this principle, federal courts should dismiss without prejudice any petitions that have failed to exhaust state remedies. <u>Rose v. Lundy</u>, 455 U.S. 509, 518-20 (1982).

---

[1] This Report's analysis of liberally construing Petitioner's filing is consistent with the well-settled principle that federal courts must "look behind the label" of an inmate's *pro se* filings and determine whether there is any framework under which his claims might be cognizable. <u>United States v. Nickson</u>, 521 Fed. App'x 867, 868 (11th Cir. 2013)(quoting <u>United States v. Jordan</u>, 915 F. 2d 622, 624–25 (11th Cir. 1990).

Here, the only injury that appears to be at stake, at this early juncture in the state criminal proceeding, is the "cost, anxiety[,] and inconvenience" of defending against prosecution. See Younger, 401 U.S. at 46. Consequently, without an irreparable injury at stake, this Court must abstain from intruding upon the ongoing state court matter and dismiss. See id.

Finally, leave to amend should not be afforded, as any amendments would be futile unless and until Petitioner has exhausted state court remedies. Although leave to amend should not be afforded, this Court advises Petitioner that she can return after a judgment has been entered and all administrative exhaustion requirements have been exhausted. Petitioner is warned that a one year limitations period will apply, however.

## IV. **Certificate of Appealability**

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing Section 2254 Proceedings, Rule 11(b), 28 U.S.C. foll. § 2254.

"A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying

4

claims and (2) the procedural issues she seeks to raise. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). See also Eagle v. Linahan, 279 F. 3d 926, 935-36 (11th Cir. 2001). Thus, a Petitioner need not show that an appeal would succeed among some jurists. Miller-El v. Cockrell, 537 U.S. 322, 337 (2003). After all, "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 338.

At the time that she filed this Petition, Petitioner was not "in custody" under a state court conviction pursuant to § 2254. Petitioner is a pretrial detainee. Therefore, no reasonable jurists would find it debatable that this Court has jurisdiction. Accordingly, a certificate of appealability may not issue in this case.

## V. Conclusion and Recommendations

Based upon the foregoing, it is recommended that this Petition for Writ of Habeas Corpus be **DISMISSED**, that leave to be amend be **DENIED** as futile, that a certificate of appealability be **DENIED**, and the case be **CLOSED**.

Although Petitioner did not file a motion to proceed *in forma pauperis*, this Court *sua sponte* **GRANTS pauper status** by taking judicial notice that she has been appointed the public defender's office in the state court proceedings. See Fed. R. App. P. 24(a)(3)(A). Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 16th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Rashada Hurley, Pro Se
     170150658
     Metro West Detention Center
     13850 NW 41 Street.
     Miami, FL 33178


     Noticing 2254 SAG Miami-Dade/Monroe
     CrimAppMIA@myfloridalegal.com